### YOUNG v. GILMOUR.

(Supreme Court, Appellate Division, Second Department. March 8. 1901.)

1. APPEAL—FINDINGS—CORRECTNESS—PRESUMPTIONS.
   Where there is evidence sufficient to support the finding of facts, the appellate division will review the case on the basis of the correctness of the same.

2. SAME—PATENTS—SPECIFIC PERFORMANCE—PARTNERS.
   Where plaintiff and defendant, as partners, mutually devised and invented a machine, the defendant taking the letters patent, with the understanding that he would assign a one-half interest in the same to the plaintiff, and pay him one-half of the profits from the sale of the machine, the court will decree a specific performance of the agreement on defendant refusing to perform.

Action by William R. Young against Joseph Gilmour for the specific performance of a contract to convey an interest in patents. An

interlocutory judgment was entered in favor of the plaintiff, and defendant moved for a new trial, which was ordered heard by the appellate division in the first instance. Motion denied.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

W. H. Deady, for plaintiff.

David J. Newland, for defendant.

GOODRICH, P. J. As amended at the trial, to conform to the facts proved, the complaint alleges that plaintiff and defendant entered into a partnership agreement whereby they agreed to devote their energies to the devising and inventing of a machine to be known as the "Double-Platen Planing Machine," which was thereafter invented; that letters patent of the United States were issued to the defendant therefor in January, 1897; that the defendant agreed to assign to the plaintiff an undivided one-half interest therein, and pay him one-half of the profits arising from the sale of the machine; that the defendant took possession of the letters patent, and manufactured and sold large numbers of the machines thereunder, but has refused to execute the assignment or to pay the plaintiff his share of the profits. The prayer is for the execution of such assignment, and for an accounting of profits. The defendant had set up a counterclaim for one-half of the expenses paid by him in connection with another machine, and alleged that the agreement set out in the complaint was void, as being contrary to sections 4892 and 4895 of the Revised Statutes of the United States. The court found matters of fact substantially in accord with the allegations of the complaint, and an interlocutory judgment was entered, directing the defendant to execute an assignment of one-half the invention and patent, and also directing a reference to take an account between the parties. The defendant excepted, and now moves this court, under section 1001 of the Code of Civil Procedure, for a new trial upon the exceptions. There is evidence sufficient to sustain the finding of fact, and our decision must rest on the basis of their correctness.

The exception to the conclusions of law raises the question whether the letters patent were taken out in violation of the United States statutes above referred to. The defendant testified that he was the original inventor. The patent law requires an applicant for a patent to make oath to that effect before taking out the letters. On the theory, therefore, and his testimony, that he was the original inventor, there was nothing contrary to law in his taking out the patents in his own name. If, on the other hand, he was not the sole inventor, and made a false oath, he can hardly be allowed to set up these facts to defeat the agreement alleged by the plaintiff. There is evidence tending to show that the parties mutually invented and devised the machine, and worked out its details, before the issuing of the letters patent. This being true, we are not concerned with the question whether the defendant improperly secured the patent in his individual name. The court has found that it belonged to the parties jointly as partners, and that the defendant promised and agreed to assign a half interest to the plaintiff.

We do not think the exceptions well founded, and the interlocutory judgment should be affirmed, with costs. All concur, except SEWELL, J., taking no part.·